Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Phone: (818) 907-2030
Fax: (818) 205-2730
Attorneys for Sojourner Lindsey

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOJOURNER LINDSEY,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**1. THE FAIR CREDIT REPORT ACT, 15 U.S.C. 1681 et seq.; and**<br><br>**2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25(a)**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>[Unlimited Civil Jurisdiction] |

## COMPLAINT
## INTRODUCTION

1. Plaintiff SOJOURNER LINDSEY ("Plaintiff"), by and through her attorneys, brings this action to secure redress from unlawful credit practices engaged in by Defendants Wells Fargo Bank, N.A. (hereinafter "Wells") and Experian Information Solutions, Inc. (hereinafter "Experian"). Specifically, Plaintiff alleges violations of the Fair Credit Report Act, 15 U.S.C. § 1681 et

seq. ("FCRA") and the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785 et seq. ("CCCRA").

## VENUE AND JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy." The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.
3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

4. Plaintiff SOJOURNER LINDSEY is a natural person who resides in the City of Anaheim, Orange County, California. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a) and CAL. CIV. CODE § 1785.3(b).
5. Wells, a national banking association, headquartered in the State of South Dakota. Wells can be served at its agent, Corporation Service Company, whose mailing address is 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833. Wells is a business entity registered to do business in California (Entity Number C1612486). Wells is an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is

therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Further, Wells is a "person" as defined by FCRA 15 U.S.C. § 1681a(b) and CAL. CIV. CODE § 1785.3(j).

6. Experian, is a national corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California, 92626. At all relevant times herein, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and CAL. CIV. CODE § 1785.3(d).

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

8. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. In or around October of 2006, Plaintiff obtained a vehicle loan through Wells, account number beginning in 518445084xxx (the "Account"), jointly with Erin N. Jones.

10. Due to financial hardship, Plaintiff filed Chapter 7 Bankruptcy on September 11, 2012 in the Central District Court of California (Case # 6:12bk-31003-MH).

11. Plaintiff received a discharge of her Chapter 7 bankruptcy on December 25, 2012.

12. Wells was listed on Plaintiff's Bankruptcy petition related directly to the Account.

13. Wells was also listed for other debts owed by Plaintiff and had actual notice of the bankruptcy

14. In or around October of 2014, Plaintiff was attempting to obtain a personal loan and discovered that the Wells Account (hereinafter "Account") was reporting inaccurately on her credit reports.

15. The Account was reporting a balance of $$4,723.00 and a "Charge-off" status; even though the Account was discharged in Plaintiff's 2012 bankruptcy.

16. In or around October of 2014, Plaintiff sent a dispute to Experian related to the inaccurate reporting of the Account.

17. In response to Plaintiff's dispute, Experian sent a letter dated October 28, 2014 verifying that the Account was reporting accurately.

18. In or around July 2015, Plaintiff applied for an apartment and was denied based on the Wells reporting.

19. After Plaintiff reviewed her credit report, she was able to plead with the Apartment complex to approve her application after showing that the debt had been included in her bankruptcy; this resulted in great embarrassment.

20. Plaintiff did not reaffirm the account with Wells and only Experian was reporting the account; despite also reporting Plaintiff's bankruptcy.

21. On or about November 20, 2015, after being denied a personal loan with Schools First Credit union, Plaintiff disputed the inaccurate reporting with Experian for a second time.

22. Upon information and belief, each time Plaintiff sent a dispute letter to Experian, Experian sent a copy of the dispute letter to Wells.

23. On December 2, 2015 Experian responded to Plaintiff's second dispute. In this response, Experian continued to report the Account with a balance of $4723.00 and "Charge-off" failing to acknowledge the bankruptcy despite

Plaintiff's detailed dispute wherein she provided the case number and date of the discharge.

24. Defendants know that providing misleading information to a consumer credit report is deemed inaccurate under the Fair Credit Reporting Act.

25. Despite Plaintiff's exhaustive efforts to date to remove the erroneous information, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations and have continued to report the derogatory information about Plaintiff.

26. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

27. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit

rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future.

28. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing her from being able to obtain credit.

29. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future.

## COUNT I – FIRST CLAIM FOR RELIEF
## DEFENDANT WELLS VIOLATED
## FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. The FCRA requires a furnisher such as Wells, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

32. Within the last two years, Wells provided inaccurate information to the credit reporting agencies.

33. Within the past two years, Plaintiff notified Experian and Equifax that Plaintiff's reports concerning her Wells Account were inaccurate. Thereafter, the credit reporting agencies notified Wells that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

34. Wells violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b);

   a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Toyota;

   c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

    g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and

    h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

35. Wells, by and through its agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was misleading and inaccurate.

36. Wells conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Wells is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## COUNT II – SECOND CLAIM FOR RELIEF
## DEFENDANT WELLS VIOLATED
## THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES
## ACT, (CCCRA), California Civil Code §§1785.25(a)

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

39. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

40. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

41. Wells negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

- 10 -

42. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### COUNT III – THIRD CLAIM FOR RELIEF
### DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 et seq.

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(l)(A).

45. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the

- 11 -

dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

46. Within the two years preceding the filing of this complaint, Plaintiff notified Experian of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

47. Experian failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

48. Experian failed to review and consider all relevant information submitted by Plaintiff.

49. The defendant credit reporting agency failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

50. As a result of the above-described violations of 15 U.S.C. § §1681i and 1681e(b), Plaintiff has sustained damages.

51. Experian's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A. Actual damages;

    B. Statutory damages;

    C. Punitive damages;

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    E. Such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SOJOURNER LINDSEY, demands trial by jury in this action.

                              RESPECTFULLY SUBMITTED,
                              **PRICE LAW GROUP, APC**

                              /S/STUART PRICE

Dated: August 4th 2016        Stuart M. Price (SBN 150439)
                              Stuart@pricelawgroup.com
                              **PRICE LAW GROUP, APC**
                              15760 Ventura Blvd., Suite 800
                              Encino, CA 91436
                              T: (818) 907-2030
                              F: (818) 205-2730
                              Attorneys for Plaintiff, Sojourner Lindsey